1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya A. Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Plaintiff's Counsel on Signature Line]

*Attorneys for Plaintiff,*
Mundy Gonzalez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUNDY GONZALEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>VERIFIED HEALTH, LLC,<br><br>Defendant. | Case No.: '15CV0011 AJB JLB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

**INTRODUCTION**

2   1. MUNDY GONZALEZ ("Plaintiff") brings this Class Action Complaint for

3   damages, injunctive relief, and any other available legal or equitable

4   remedies, resulting from the illegal actions of VERIFIED HEALTH, LLC

5   ("VERIFIED HEALTH" or "Defendant") in negligently contacting Plaintiff

6   on Plaintiff's cellular telephone, in violation of the Telephone Consumer

7   Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading

8   Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as

9   to herself and her own acts and experiences, and, as to all other matters,

10   upon information and belief, including investigation conducted by her

11   attorneys.

12   2. The TCPA was designed to prevent calls and messages like the ones

13   described within this complaint, and to protect the privacy of citizens like

14   Plaintiff. "Voluminous consumer complaints about abuses of telephone

15   technology – for example, computerized calls dispatched to private homes –

16   prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132

17   S. Ct. 740, 744 (2012).

18   3. In enacting the TCPA, Congress intended to give consumers a choice as to

19   how creditors and telemarketers may call them, and made specific findings

20   that "[t]echnologies that might allow consumers to avoid receiving such

21   calls are not universally available, are costly, are unlikely to be enforced, or

22   place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243,

23   § 11. Toward this end, Congress found that

24

25   [b]anning such automated or prerecorded telephone calls to the
home, except when the receiving party consents to receiving the
26   call or when such calls are necessary in an emergency situation
affecting the health and safety of the consumer, is the only
27   effective means of protecting telephone consumers from this
28   nuisance and privacy invasion.

---

**CLASS ACTION COMPLAINT**                                                    PAGE 2 OF 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Souther District of California pursuant to 28 U.S.C. § 1391 because the harm to Plaintiff occurred in the County of San Diego, State of California, and Defendant is subject to personal jurisdiction in the County of San Diego, State of California as it conducts business there.

///

///

---

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Escondido, County of San Diego, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Florida corporation whose primary corporate address is in the City of Orlando, in the State of Florida.

10. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

11. Defendant is a company operating nationwide for the purposes of selling premium health supplements to customers.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

12. On or about July 2014, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in "9642" via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 277(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 277(b)(1)(A).

13. This ATDS has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

14. Defendant utilized telephone number (855) 801-5775 to call Plaintiff on Plaintiff's cellular telephone.

15. At no time did Plaintiff enter into a business relationship with Defendant.

16. At no time did Plaintiff provide Plaintiff's cellular telephone number ending in "9642" to Defendant through any medium.

17. Defendant obtained Plaintiff's contact information through unknown means.

---

**CLASS ACTION COMPLAINT**                                    PAGE 4 OF 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

18. At the time the prerecorded voice message was received by Plaintiff on Plaintiff's cellular telephone, Plaintiff was present in the County of San Diego, State of California.

19. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

20. The telephone call constituted a call that was not for emergency purposes defined by 47 U.S.C. § 277(b)(1)(A)(i).

21. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone utilizing an ATDS or artificial prerecorded voice, pursuant to 47 U.S.C. § 277(b)(1)(A).

22. The telephone call by Defendant, or its agent from telephone number (855) 801-5775 violated 47 U.S.C. § 277(b)(1).

## Class Action Allegations

23. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

24. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or their agent/s and/or employee/s on said person's cellular telephone that was sent using any automatic telephone dialing system or with an artificial or prerecorded voice where said persons had not previously provided their cellular telephone number to Defendant.

25. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this

1   matter should be certified as a Class action to assist in the expeditious

2   litigation of this matter.

3   26.  Plaintiff and members of the Class were harmed by the acts of Defendant in

4   at least the following ways: Defendant, either directly or through its agents,

5   illegally contacted Plaintiff and the Class members via their cellular

6   telephones by using an ATDS and or/artificial or prerecorded voice, thereby

7   causing Plaintiff and the Class members to incur certain cellular telephone

8   charges or reduce cellular telephone time for which Plaintiff and the Class

9   members previously paid, and invading the privacy of said Plaintiff and the

10   Class members.  Plaintiff and the Class members were damaged thereby.

11   27.  This suit seeks only damages and injunctive relief for recovery of economic

12   injury on behalf of the Class, and it expressly is not intended to request any

13   recovery for personal injury and claims related thereto.  Plaintiff reserves the

14   right to expand the Class definition to seek recovery on behalf of additional

15   persons as warranted as facts are learned in further investigation and

16   discovery.

17   28.  The joinder of the Class members is impractical and the disposition of their

18   claims in the Class action will provide substantial benefits both to the parties

19   and to the court.  The Class can be identified through Defendant's records or

20   Defendant's agents' records.

21   29.  There is a well-defined community of interest in the questions of law and

22   fact involved affecting the parties to be represented.  The questions of law

23   and fact to the Class predominate over questions which may affect

24   individual Class members, including the following:

25   a)   Whether, within the four years prior to the filing of this Complaint,

26   Defendant or their agents sent any artificial or prerecorded voice

27   message to the Class (other than a message made for emergency

28   purposes or made with the prior express consent of the called party)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

30.  As a person that received at least one prerecorded voice call utilizing an ATDS from Defendant without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31.  Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

41. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants, and each of them:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

43.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 5, 2015                                  Respectfully submitted,

                                                        **KAZEROUNI LAW GROUP, APC**

                                                        By:   /s Gouya Ranekouhi____
                                                              ABBAS KAZEROUNIAN, ESQ.
                                                              GOUYA RANEKOUHI, ESQ.
                                                              ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
TODD M. FRIEDMAN, ESQ. (SBN: 216752)
TFRIEDMAN@ATTORNEYSFORCONSUMERS.COM
324 S. BEVERLY DR., #725
BEVERLY HILLS, CA 90212
TELEPHONE: (877) 206-4741
FACSIMILE: (866) 633-0228
ATTORNEYS FOR PLAINTIFF